UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

              Plaintiff,

v.

CHRISSY NORTH,

              Defendant.

_____ /

Case No. 17-10432

District Judge Sean F. Cox

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

This is a copyright infringement case. Plaintiff Malibu Media, LLC ("Malibu") owns copyrights to various films, including the specific copyrighted works that are the subject of this lawsuit. *See Complaint* [Doc. #1], Exhibit A. Malibu alleges that Defendant Chrissy North infringed these works (i.e., downloaded the films without paying) while participating in a "BitTorrent swarm. Before the Court is Malibu's motion for default judgment [Doc. #22], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

## I.   FACTS

Malibu filed its complaint on February 10, 2017, and an amended complaint on September 15, 2017 [Doc. #11]. At the time the complaint was filed, Malibu could

identify the Defendant only by an IP address.  As is usual in these cases, the Court granted Malibu leave to serve a subpoena on Internet Service Provider Comcast Cable prior to a conference under Fed.R.Civ.P. 26(f), enabling Malibu to identify Chrissy North as the proper Defendant [Doc. #7].  Ms. North was personally served on November 11, 2017, at an address in Westland, Michigan. *See Proof of Service* [Doc. #18]. To date, she has not filed a responsive pleading.

On January 9, 2018, Malibu requested, and the Court entered a Clerk's entry of default [Doc. #19 and Doc. #20].  On January 20, 2013, Malibu filed its motion for default judgment [Doc. #22].

The Court held a hearing on Malibu's motion on February 27, 2018.  At that time, it was learned that service of the motion on Defendant Chrissy North was attempted by first-class mail at the wrong address, and that the original Notice of Hearing on the motion [Doc. #24] was also sent to Ms. North at the wrong address.  Therefore, the Court ordered Malibu to re-serve the  Defendant with the Motion for Default Judgment, by both certified mail (return receipt requested) and first-class mail, and to file a new Certificate of Service when service was completed [Doc. #25].  On June 16, 2018, Ms. North was served with the motion for default judgment by certified mail, and the proof of service shows her signature on the return receipt [Doc. #29, Exhibit 1].  To date, she has not filed a response to the motion.

## II.   DISCUSSION

Defendant North, having been personally served with a summons and complaint on November 11, 2017, has not filed an answer or any responsive pleading.  Nor has she filed a response to Malibu's motion for default judgment.  The Clerk has entered a default, and there is no question that Malibu is now entitled to a default judgment. The entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).  *See also Ford Motor Co. v. Cross*, 441 Fed.Supp.2d 837, 846 (E.D. Mich. 2006)("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint....").

However, Malibu must still prove damages. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Antoine v. Atlas Turner*, Inc., 66 F.3d 105, 110 (6th Cir.1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir.1982)).  In this case, Malibu seeks only statutory damages.  In this regard, 17 U.S.C. § 504(c)(1) provides for statutory damages for each infringed work "in a sum of not less than $750 or more than $30,000 as the court considers just."  In cases of willful infringement, § 504(c)(2) provides that "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  Malibu asks for damages for willful infringement in the amount of $1,000.00 for each of 13 copyrighted works alleged in the amended complaint, for a total

of $13,000.00.  Malibu also asks for a permanent injunction forbidding future infringement.

Malibu has made a sufficient showing that the pervasive use of BitTorrent to download copyrighted material without paying is indicative of willful infringement. Although the amount of statutory damages may be as much as $150,000.00 per infringed work (or as low as $750.00), the amount is entrusted to the Court's discretion.  "In exercising that discretion, courts typically consider factors such as the expenses saved and the profits reaped by the defendants in connection with the infringement and the revenues lost by the plaintiffs as a result of the infringement."  *Malibu Media, LLC v. Wells*,  2014 WL 12461958, at *2 (W.D. Mich. 2014), citing *N.A.S. Imp., Corp. v. Chenson Enters., Inc*., 968 F.2d 250, 252 (2d Cir. 1992).  In addition, "[i]n the vast majority of such cases, courts have found damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder."  *Id*. (citing cases).[1]

---

[1]  "*See, e.g., Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402, 407 (D.Md. 2006) (awarding statutory damages of $6,500 per infringement by the defendant BitTorrent user); *Capital Records, Inc. v. Mattingley*, 461 F. Supp. 2d 846, 851–53 (S.D. Ill. 2006) (awarding statutory damages of $750 per infringement for a total amount of $3,750); *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 817 (E.D. Tenn. 2006) (awarding statutory damages of $1,200 per infringement for a total award of $6,000); *UMG Recordings v. Adams*, No. 08-cv-534, 2008 WL 4516309, at *4 (S.D. Ill. Oct. 3, 2008) (awarding statutory damages of $750 per infringement for a total award of $6,000); *Warner Bros. Entm't, Inc. v. Carsagno*, No. 06-CV-2676, 2007 WL 1655666, at *4 (E.D.N.Y. June 4, 2007) (awarding statutory damages of $6,000 for electronic downloading of copyrighted film); *Patrick Collins, Inc. v. Gillispie*, No. 11-cv-1776, 2012 WL 666001, at *3 (D.Md. Feb. 23, 2012) (awarding statutory damages of $6,000 per defendant BitTorrent user)."

As in *Wells*, there is no showing here that Ms. North obtained any substantial profits from her infringement, other than the price she would have paid to rent or buy the films legitimately.  Nor has Malibu quantified the revenues it lost as the result of Ms. North's infringement.

In this case, Malibu has shown some restraint in requesting only $1,000.00 per work, far below the statutory cap for willful infringement. And while I recognize that a $13,000.00 judgment will likely be burdensome for Ms. North, I find that the amount is reasonable, and well within the range of what has been awarded in similar cases.

Likewise, the issuance of an injunction is entrusted to the Court's discretion. However,  "permanent injunctions are typically granted in situations involving unlawful infringement of copyrights in ... compositions 'because of the strong probability that unlawful performances of other copyrighted material will occur.' " *Disney Enterprises v. Farmer*, 427 F.Supp.2d 807, 819 (E.D. Tenn. 2006) (quoting *Sailor Music v. IML Corp.*, 867 F.Supp. 565, 570 (E.D.Mich.1994)).  The Court should therefore grant Malibu's request for both statutory damages and injunctive relief.

### III.    CONCLUSION

I recommend that Plaintiff's motion for default judgment [Doc. #22] be GRANTED;

I further recommend that Plaintiff be awarded statutory damages in the amount of $1,000.00 for each of 13 copyrighted works, for a total of $13,000.00.

I further recommend that Defendant, and those working in active concert or participation with her, be permanently enjoined from continuing to infringe Plaintiff's copyrighted works.

I further recommend that Defendant be ordered to delete and permanently remove any infringing copies of Plaintiff's works under Defendant's possession, custody, or control.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The

response shall address specifically, and in the same order raised, each issue contained within

the objections.


                                        s/ R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE
Dated: August 3, 2018



## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 3, 2018, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen